IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              No. 14-30062-DRH

DONNIE DONTEZ RUSSELL,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Russell's motion for the clarification of the Court's Order regarding the monetary schedule of payments, and/or modification of the current order as proposed by petitioner (Doc. 100). Specifically, Russell asks the Court to reconsider the original payment play and order him to pay $25.00 a month until paid in full or find that he has already been ordered to pay either $50.00 a month or ten percent of his net monthly income, whichever is greater. Russell contends that his case manager is seeking to impose her own payment schedule. Russell also contends that his case manager has threatened to place him in the FRP refusal status. Based on the following, the Court denies for lack of jurisdiction the motion.

The Seventh Circuit has held that inmates' participation in the IFRP is voluntary. Further, the consequences that may result from a prisoner's decision not to participate in the program do not change the voluntary nature of the

IFRP. *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010) ("[T]he Bureau of Prisons lacks the power to compel participation in the IFRP .... [it] may establish a payment schedule, but a prisoner may choose instead to bear the consequences of not participating." (citing 28 C.F.R. § 545.11(d))); *see also United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011) (district court order requiring inmate to pay his fine through the IFRP was plain error). The privileges which may be available to those who participate in the IFRP include access to job training programs, higher-status housing, community-based programs, and higher commissary spending limits. *Id.* Although Russell may view the loss or unavailability of such privileges as a "restriction" or "sanction" for his refusal to participate in the IFRP, the Seventh Circuit does not share his analysis. Russell is free to refuse or withdraw from the payment program, but must face the consequences of his decision.

Moreover, this Court does not have authority to interfere with the BOP's discretion in its administration of the IFRP program. *See In Re: Buddhi,* 658 F.3d 740, 741-42 (7th Cir. 2011) (district court exceeded its authority by ordering deduction from prisoner trust account in excess of IFRP payment plan installment); *see also McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1999) (BOP has discretion to increase participating prisoner's IFRP payment and to penalize him for refusing to accept the increase). The Seventh Circuit stressed in *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008):

> [T]he Bureau of Prison's authority rests on statutes, and any delegation is from the President and the Attorney General rather than a judge….
>
> Because a prisoner's earnings while in custody depend on the Bureau of Prisons, as well as the prisoner's co-operations with its programs, it is not clear what payment schedule a court could set if it wanted….
>
> Prison earnings and other transactions concerning trust accounts are … "completely within the Bureau of Prisons' control…."

Accordingly, the Court **DENIES** for lack of jurisdiction Russell's motion (Doc. 100).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.30
10:24:28 -05'00'

**United States District Judge**